IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LOUISA HAMPTON                                                                                          PLAINTIFF

v.                                              No. 4:08CV00208 JLH

NEW YORK AIR BRAKE CORP.                                                                DEFENDANT

**OPINION AND ORDER**

Louisa Hampton brought this action against New York Air Brake Corporation for failure to promote alleging discrimination based on race and sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq.*, and discrimination based on age under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* She also makes a race discrimination claim under 42 U.S.C. § 1981, and an equal protection claim under the Fourteenth Amendment. New York Air Brake has moved for summary judgment, and Hampton has responded. For the following reasons, New York Air Brake's motion for summary judgment is granted in part and denied in part.

**I.**

Louisa Hampton was hired by New York Air Brake Corporation in December 1999 for the position of Freight Assembler Level II. Her job title changed in September 2005 to Repair Technician Level II. In that position, Hampton replenished components on the shop floor, shipped out brake materials and components, received brake materials and components, and oversaw cycle count and work order picks. Hampton did not perform any locomotive or freight testing or any valve repair work. According to Hampton, from 1999 to December 2006, open positions were not posted; employees were simply placed in those positions. Anthony Streetman, the operations manager at New York Air Brake, testified in his deposition that the bidding process for open positions began

in January of 2006. Hampton says she tried to get a Level III position or get training in testing during the years when the positions were not open for bidding. Hampton also says that another employee, Mandy Upton, told her in April 2005 and May 2006 that she was "not going to never get no position, because you are an old, black woman." New York Air Brake says that at the time of her comments in 2005 Upton was not a human resources employee as Hampton suggests, and that she was no longer working for the company in 2006. Furthermore, New York Air Brake points out, Upton was never in a management position or a position with authority to make decisions regarding employee placement. Hampton also says that her supervisor, Lewis Hernandez, made a comment in the spring or summer of 2006 that "a woman don't (sic) have no business being out here, my wife wouldn't be out here." She also says that he told her in June 2006 that "he would take care of his people, the Hispanics."

On January 15, 2007, New York Air Brake posted two Repair Technician Level IV positions for bidding. The job description for the Level IV position stated that the essential duties of the position include assembly, testing, and repair of locomotive valve material. In response to the posting, seven people submitted Job Interest Forms, including Hampton. Three of the employees who expressed interest in the Level IV position held Level III positions: Audelino Sanchez, Rodrigo Guarrera, and Alan Roy. The two open positions were awarded to Sanchez and Guarrera, who had both been in their Level III positions since September 2005. Hampton disputes that the two men who were awarded the jobs were more qualified than she was simply because they had done testing and repair in their previous positions and she had not. She points out that she also had more seniority than either of those men. According to Hampton, she had been denied training or placement in the past while Hispanic men were given those opportunities instead, and because of that

2

discrimination she did not have the same qualifications that Sanchez and Guarrera did. Anthony Streetman contacted Hampton and let her know she was not selected for the Level IV position because, unlike Sanchez and Guarrera, she did not have any testing experience. Hampton does not dispute this, but she asserts that Sanchez and Guarrera were treated favorably when they were placed in the Level III positions which gave them the testing experience to allow for their promotion. Hampton also points out that Streetman testified in his deposition that there was no requirement that a person have testing experience before being promoted to a Level IV position and that once an employee is promoted to that position, he is trained for that position.

In March 2007, New York Air Brake posted one Level IV position for bidding. In response to the posting, four people, including Hampton, submitted Job Interest Forms. One of the employees who expressed interest in the Level IV position, Samuel Upton, held an equivalent position of Specialist QA Technician. Upton was awarded the position because, unlike the other bidders, he had freight and locomotive testing experience. Hampton admits that Upton was more qualified than she was for the position.

From March 2007 until November 2008, five Level III position openings were posted for bidding and six Level IV position openings were posted and Hampton did not apply for any of those openings. According to New York Air Brake, in November 2008, Hampton applied for and was promoted to a Level III position, which she currently occupies. Hampton says that she applied for a Level IV position, but when she applied, the Level IV position was reduced to a Level III position which she currently holds. According to Anthony Streetman, the operations manager, the process of downgrading that position was underway before Hampton bid for it.

## II.

A court should enter summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). A genuine issue exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. In deciding a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party and draws all inferences in his favor, mindful that summary judgment seldom should be granted in discrimination cases where claims are often based on inferences. *Peterson v. Scott County*, 406 F.3d 515, 520 (8th Cir. 2005); *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1099 (8th Cir. 2000) (collecting cases). *But see Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 762 (8th Cir. 2004) (Arnold, J., dissenting).

## III.

Hampton has alleged race, sex, and age discrimination in violation of Title VII, 42 U.S.C. § 1981, and the ADEA. A plaintiff may establish intentional discrimination through either direct or indirect evidence. *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 933 (8th Cir. 2006). Hampton does not argue that she has direct evidence to support her discrimination claim. Without direct evidence, a Court applies the *McDonnell Douglas* framework to analyze discrimination cases, and those guidelines apply to discrimination claims under Title VII, § 1981, and the ADEA. *Roxas v. Presentation College*, 90 F.3d 310, 315 (8th Cir. 1996) (applying *McDonnell Douglas* framework to § 1981 claim); *Hase v. Missouri Div. of Employment Sec.*, 972 F.2d 893, 895-96 (8th Cir. 1992)

(applying *McDonnell Douglas* framework to ADEA claim). When a plaintiff lacks direct evidence of discrimination, she "must carry the initial burden under the statute of establishing a prima facie case of . . . discrimination." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973).

To establish a prima facie case of failure to promote based on race or sex, Hampton must show that: (1) she is a member of a protected class; (2) she applied for and was qualified for a promotion; (3) she did not receive the promotion; and (4) the position was filled by someone outside of the protected class. *Turner v. Honeywell Fed. Mfg. & Techs., LLC*, 336 F.3d 716, 720 (8th Cir. 2003). Hampton is a member of a protected class as a woman and as an African-American. She applied for Level IV positions twice and was qualified for promotion, she did not receive either of those promotions, and the positions were filled by individuals outside of the protected class. Hampton has made a prima facie showing of race discrimination under Title VII and § 1981 and a prima facie showing of sex discrimination under Title VII. As to her claims of age discrimination, Hampton has not provided any evidence or facts about her age or the relative age of the individuals who received the positions for which she applied. Hampton cannot meet her burden to demonstrate a prima facie case of age discrimination under the ADEA, so New York Air Brake is entitled to summary judgment on that claim.

If a plaintiff can make out a prima facie case, then the burden shifts to the employer to establish a legitimate, nondiscriminatory reason for its action. *Turner*, 336 F.3d at 723. New York Air Brake says the reason Hampton was not promoted to the Level IV positions in question was because she was less qualified than the employees who were selected. Specifically, she did not have the testing or repair experience that the other employees had.

Once the employer has given a legitimate, nondiscriminatory reason, the burden shifts back to the plaintiff to show that the employer's reason was a pretext for intentional discrimination. *Id.* Hampton argues that New York Air Brake's failure to follow its own policies before 2006 when individuals were hand-picked for promotions even though there was an equal employment opportunity policy is evidence of pretext. An employer's failure to follow its own policies may support an inference of pretext. *Floyd v. State of Missouri Dep't of Soc. Servs.*, 188 F.3d 932, 937 (8th Cir. 1999). Furthermore, successive denials of promotion may provide evidence of discrimination. *Chock v. Northwest Airlines, Inc.*, 113 F.3d 861, 865 (8th Cir. 1997). The fact that Hampton worked for about eight years in the same position while Hispanic male employees who had worked at New York Air Brake for less time received promotions without the positions being open for bidding at least raises an inference that New York Air Brake was not following its own equal employment opportunity policy. That Hampton sought promotion and training from 1999 until 2006 and applied for jobs when the bidding process was opened also may provide evidence of discrimination in light of the fact that the only thing that separated her from other employees who filled the positions was the fact that they had training she did not. She did not have a poor work record, she met minimum qualifications, and the training the other employees had was not a prerequisite to being qualified for the positions. Furthermore, her supervisor's comments that he did not think a woman should be working in those positions and that he would look out for his people provide evidence of discrimination based on sex in violation of Title VII.

New York Air Brake argues that evidence of events outside the period of 180 days before the EEOC charge was filed may not be considered. While Hampton may not recover damages under Title VII for acts that occurred more than 180 days before she filed her EEOC complaint, prior acts

may be used as background evidence in support of a timely claim. *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 670 (8th Cir. 2006); *Kline v. City of Kansas City, Mo., Fire Dep't*, 175 F.3d 660, 666-67 (8th Cir. 1999). Moreover, as New York Air Brake says in its brief, the period of limitations for Hampton's claim under 42 U.S.C. § 1981 is four years. *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004).

Viewing the evidence in a light most favorable to Hampton, she has raised questions for a jury as to whether New York Air Brake's proffered reason for not promoting her was pretext. New York Air Brake is not entitled to summary judgment on Hampton's Title VII and § 1981 claims.

Hampton's complaint also alleged a violation of the Equal Protection Clause of the Fourteenth Amendment. Hampton says that she is not seeking redress under the Fourteenth Amendment. Therefore, New York Air Brake is entitled to summary judgment to any claims under the Equal Protection Clause of the Fourteenth Amendment.

## CONCLUSION

For the reasons stated above, New York Air Brake's motion for summary judgment is GRANTED IN PART and DENIED IN PART. Document #20. As to Hampton's claims for age discrimination, summary judgment is granted in favor of New York Air Brake. As to Hampton's claims for race and sex discrimination under Title VII and race discrimination under § 1981, summary judgment is denied.

IT IS SO ORDERED this 2nd day of April, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE